IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MAIN HASTINGS LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| THE VILLAGE COMPANY LLC | § | |
| | § | |
| *Defendant*. | § | |

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff/Relator, Main Hastings LLC, (herein referred to as "Main Hastings"), by its attorneys, hereby complains against Defendant The Village Company LLC and alleges as follows:

## NATURE OF THE CASE

1. This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2. As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its products with the purpose of deceiving the public. More specifically, Defendant has, with the purpose of deceiving the public, marked products with patents that are inapplicable and, therefore, do not and cannot cover the marked products.

3. The false marking statute exists to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design. Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas that are, in reality, a part of the public domain.

4. False patent marking – including representing through advertisement that a product is covered by a patent that is inapplicable to such product - is a serious problem. Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement. False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete. Furthermore, false marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article. In each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay. False markings may also create a misleading impression that the falsely marked product is technologically superior to previously available ones, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

5. The false marking statute explicitly permits *qui tam* actions. By permitting

members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking.

6. Main Hastings, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendant's violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## THE PARTIES

7. Main Hastings is a Texas limited liability company.

8. Defendant is a limited liability company established under the laws of the State of Minnesota with its principal place of business at 124 West Columbia Court, Chaska, MN 55318.  Defendant can be served through its CEO, Frank Klisanich at 124 West Columbia Court, Chaska, MN 55318.

9. Defendant regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

10. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over the Defendant. The Defendant has conducted and does conduct business within the State of Texas. Defendant, directly or through subsidiaries or intermediaries, offers for sale, sell, mark and/or advertise the products that are the subject of this Complaint in the United States, the State of Texas, and the Eastern District of Texas.

12. Defendant has voluntarily sold the products that are the subject of this Complaint

in this District, either directly to customers in this District or through intermediaries with the expectation that the products will be sold and distributed to customers in this District. These products have been and continue to be purchased and used by consumers in the Eastern District of Texas. Defendant has committed acts of false marking within the State of Texas and, more particularly, within the Eastern District of Texas.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because (i) Defendant's products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendant is subject to personal jurisdiction in this District, as described above.

14. Main Hastings brings this action under 35 U.S.C. §292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

**DEFENDANT'S FALSELY MARKED PRODUCTS AND PATENTS**

**A. MR. BUBBLE 36 FL. OZ. BUBBLE BATH**

15. Defendants manufacture, market, and sell a product identified on its packaging as Mr. Bubble 36 Fl. Oz. Bubble Bath.

16. Figure 1 depicted below shows an image of the packaging for Mr. Bubble 36 Fl. Oz. Bubble Bath:



Figure 1 – Picture of Mr. Bubble 36 Fl. Oz. Bubble Bath

17.     For a period of time, the packaging for the Mr. Bubble 36 Fl. Oz. Bubble Bath has listed Patent No. D408,290 ("the '290 Patent").  Figure 2 below shows a copy of the label listing the '290 Patent on the Mr. Bubble 36 Fl. Oz. Bubble Bath.  Further, attached as Exhibit A is a true and correct copy of the '290 Patent.



Figure 2 – Label Listing '290 Patent

18.     The '290 patent, entitled Bottle, was filed August 5, 1998, and issued on April 20, 1999. The '290 Patent expires on April 20, 2013.

**CAUSES OF ACTION FOR FALSE PATENT MARKING**

19. Main Hastings incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. Defendant is a sophisticated company with many years of experience applying for, obtaining, and/or litigating patents, and therefore know that patents do not have unlimited scope, but rather, have a scope limited to that which is claimed.

21. Defendant has or regularly retains, sophisticated legal counsel.

22. Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

23. Defendant's false marking of its products has wrongfully quelled competition with respect to such products thereby causing harm to Main Hastings, the United States, and the public.

24. Defendant has wrongfully and illegally advertised patent monopolies that it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

25. Defendant knows that patents provide the patent holder extreme market power to monopolize the invention.

26. Defendant knows that all patents have a limited scope and that a patent confers no rights outside the scope of the patent claims.

27. As set forth in detail herein, and/or for other reasons that will be later evidenced, Defendant has falsely marked the products described below, with the intent to deceive the public, in violation of 35 U.S.C. §292.

**FALSE MARKING ON DEFENDANT'S PRODUCTS**

**COUNT 1: THE '290 PATENT**

28. The Plaintiff incorporates and restates the allegations of Paragraphs 1-27.

29. As noted above in paragraph 18, the '290 Patent is a design patent directed to a bottle which does not describe the Mr. Bubble 36 Fl. Oz. Bubble Bath product upon which this patent is marked.

30. Defendant knows that patents have a specific scope and that a patent confers no rights outside the scope of the patent claims. Defendant knows that the '290 Patent has a scope limited to the ornamental design for the bottle shown and described in the drawings in the '290 Patent.

31. Defendant knows that the '290 Patent covers only the ornamental design of the "Mr. Bubble" 16 Fl. Oz. Bubble Bath container which, *inter alia*, when viewed from the front, has a symmetrical shape, does not have handle, has sides that are curved, and has a narrow base. A comparative analysis is attached hereto as Exhibit B.

32. Defendant knows that the '290 Patent clearly does not cover the significantly different ornamental design of the "Mr. Bubble" 36 Fl. Oz. Bubble Bath container which, *inter alia*, when viewed from the front, has an asymmetrical shape, has a handle, has sides whose lower portions are straight, and has a wide base.

33. Despite the fact that Defendant knows that the '290 Patent does not cover the ornamental design for the "Mr. Bubble" 36 Fl. Oz. Bubble Bath container, Defendant nevertheless knowingly and intentionally marked its "Mr. Bubble" 36 Fl. Oz. Bubble Bath container with the '290 Patent with intent to deceive the public.

34. Despite its knowledge of patent law and the current status of the '290 Patent, Defendants have and continue to falsely mark (or cause to be marked) their products as being covered by the '290 Patent. Defendants knew or reasonably should have known that marking their products with the '290 Patent, when such products are not covered by the '290 Patent,

violated Federal patent marking laws which authorize marking only existing and enforceable patent or patent pending claims on a "patented" article.

35. Defendants intended to and have deceived the public by falsely marking (or causing to be marked) the patent protection status of their products.

36. Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the Mr. Bubble 36 Fl. Oz. Bubble Bath with the '290 Patent.

## DAMAGES

37. The Plaintiff incorporates and restates the allegations of Paragraphs 1-36.

38. Upon information and belief, Defendant knows, or reasonably should know, that marking their products with false patent statements was and is illegal under Title 35 of the United States Code.

39. Each falsely marked product is a separate "offense" pursuant to 35 U.S.C. §292(a).

## PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

41. A decree that Defendant has falsely marked products in violation of 35 U.S.C. § 292;

42. An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America and one-half of which shall be paid to Main Hastings;

43. An accounting for any falsely marked products not presented at trial and an

award by the Court of additional damages for any such falsely marked products;

44. Enter a judgment and order requiring each Defendant to pay Main Hastings prejudgment and post-judgment interest on the damages awarded;

45. Order Defendant to pay Main Hastings' costs and attorney fees; and

46. Grant Main Hastings such other and further relief as it may deem just and equitable.

## DEMAND FOR JURY TRIAL

47. Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: December 21, 2010	Respectfully submitted,

*/s/ Winston O. Huff*

Winston O. Huff, Attorney in Charge
State Bar No. 24068745
Huff Legal Group, P.C.
2500 Dallas Parkway, Suite 260
Plano, TX 75093
972.826.4467 (Direct)
972.378.9111 (Firm)
214.593.1972 (Fax)
wohuff@hufflegalgroup.com

ATTORNEYS FOR PLAINTIFF
MAIN HASTINGS, LLC

## **CERTIFICATE OF FILING**

I hereby certify that on December 21, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

                                          Respectfully submitted,

                                          By:   */s/ Winston O. Huff*

Winston O. Huff
Huff Legal Group, P.C.
2500 Dallas Parkway, Suite 260
Plano, TX 75093
972.826.4467 (Direct)
972.378.9111 (Firm)
214.593.1972 (Fax)
wohuff@hufflegalgroup.com

## **CERTIFICATE OF SERVICE**

      This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 21st day of December, 2010.

                                /s/ *Winston O. Huff*